UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSE MICHAEL WAYNE JACKSON, also known as Artemis Adams Anderson Andersen,

Plaintiff,

-against-

DONALD J. TRUMP; MAGA LLC; PROUDBOYS; OATHKEEPERS,

Defendants.

24-CV-1433 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at MCFP Springfield, an administrative security federal medical center in Springfield, Missouri, brings this action, *pro se*, under 42 U.S.C. § 1983; the Indian Civil Rights Act ("ICRA"), 25 U.S.C. §§ 1301-1305; the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 1213; the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c); and several federal criminal statutes. He names as Defendants former President Donald J. Trump, MAGA LLC, the Proud Boys, and the Oath Keepers. By order dated September 3, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As set forth in this order, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[2] From October 30, 2019, to an unspecified date, "Defendants have knowingly, willingly, and maliciously interfered with . . . scientific research and development[.]" (ECF 1, at 1.) In late 2019, on the Osage Tribal Reservation, in Shidler, Oklahoma, Plaintiff "began working on highly sensitive government grant contract 'The Rebuilding of Ezekiels Temple' technology grant opportunity as well as other private endeavors including tribal artwork, poetry, etc." (*Id.* at 1-2.) Plaintiff experienced "vast opposition . . . threat actors, white supremacists radical Trump 'cultists,' Berlin gamers, beta/crash testers, red team/tiger team clandestine attacks facilitated by Donald J. Trump and MAGA 'henchmen.'" (*Id.* at 2.)

Plaintiff claims "that a large percent of material taken was used, sold harvested without my consent resulting in unjust enrichment." (*Id.* at 3.) He contends that "[t]he incidents in reference are so vast . . . it requires a classified information discovery into the materials

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original.

recovered from Trumps Mar Lago mansion as well as international rogatory relief." (*Id.*) Plaintiff also seeks the return of his property.

## DISCUSSION

**A.    Section 1983 Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As all named Defendants are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against Defendants under Section 1983. The Court therefore dismisses the Section 1983 claims against Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff asserts claims against the former President, for conduct he allegedly committed while in office, Plaintiff cannot assert Section 1983 claims against him because that statute does not apply to federal defendants. *United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) ("Section 1983, of course, does not apply to allegedly unlawful acts of federal officers."). Moreover, nothing in the complaint suggests that Plaintiff may assert a viable claim against the former President under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395 (1971), the federal analog to Section 1983.

B. **Indian Civil Rights Act Claims**

Plaintiff asserts claims under ICRA, suggesting that Defendants violated a right announced under that federal statute. ICRA, however, "does not establish or imply a federal civil cause of action to remedy violations of [the statute]." *Shenandoah v. U.S. Dep't of Interior*, 159 F.3d 708, 713 (2d Cir. 1998). Thus, because Plaintiff cannot assert a claim under ICRA, the Court dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C. **Whistleblower Protection Act Claims**

The WPA protects federal employees against retaliation by their employers after reporting evidence of agency misconduct. *Chinniah v. FERC*, 62 F.4th 700, 702 (2d Cir. 2023) ("The WPA . . . prohibits certain federal employees from taking adverse personnel actions against 'any employee' for reporting 'any violation of any law, rule, or regulation, or . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.'" (citing 5 U.S.C. § 2302(b)(8)(A)). Plaintiff does not allege that he is a federal employee and that any of the Defendants are his employer. Even if he had, he does not allege that he reported evidence of agency misconduct and that Defendants retaliated against him as a result. The Court therefore dismisses Plaintiff's WPA claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

D. **Racketeer Influenced and Corrupt Organizations Act Claims**

The civil RICO statute creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [RICO's criminal provisions]." 18 U.S.C. § 1964(c). Section 1962, in turn, makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through

4

a pattern of racketeering activity." *Id.* § 1962(c). A pattern of racketeering activity is defined to include a variety of criminal offenses, such as wire fraud, mail fraud, commercial bribery, bank fraud, and money laundering. *Id.* § 1961(1).

The complaint does not include any facts suggesting that Defendants engaged in a pattern of racketeering, including committing two acts of racketeering activity, in connection with Plaintiff's alleged work on a sensitive government contract. Plaintiff therefore does not state a claim under RICO, and the Court dismisses these claims for failure to state a claim on which relief may be granted.

### E. Federal Criminal Statutes

By invoking several federal criminal statutes –18 U.S.C. §§ 241-242 and 18 U.S.C. §§ 1001-1005 – Plaintiff may be attempting to assert claims under these statutes.[3] These federal laws, however, do not provide a private right of action. *See, e.g.*, *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) (no private right of action under Section 242); *Williams v. McCausland*, 791 F. Supp. 992 (S.D.N.Y. 1992) (no private right of action under Section 1001) (citing cases); *Marc Development, Inc. v. Wolin*, 845 F. Supp. 547, 552 (N.D. Ill. 1993) (no private right of action under Section 1005). To the extent that Plaintiff is attempting to assert claims under federal criminal statutes, these claims are dismissed for failure to state a claim on which relief may be granted.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Plaintiff also refers to one of RICO's criminal provisions, 18 U.S.C. § 1951, which does not on its own provide a right of action; in any event, as noted in section D, Plaintiff cannot state a civil RICO claim against Defendants.

[4] Plaintiff also cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can he direct prosecuting attorneys or the Court to initiate a criminal proceeding against Defendants because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Actionn Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

## F. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 21, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                           Chief United States District Judge

6